UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BARNETT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BERNARD GARRIGAN, et al.,<br><br>    Defendants. | Case No. 20-cv-02585-VC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR EVIDENTIARY SANCTIONS**<br><br>Re: Dkt. No. 86 |

1. The defendants' motion for sanctions is denied.[1] Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e) . . . . Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). The following factors are relevant when determining whether a violation of a discovery deadline is justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713

---

[1] The plaintiffs' "second response" in opposition to the defendants' motion for sanctions was not considered in the adjudication of this motion. Dkt. No. 93.

(9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

The plaintiffs failed to properly disclose Pfeffer as a witness under Rule 26. But the Court recently reopened discovery for the limited purpose of permitting the defendants to depose Pfeffer, and the parties have indicated that a deposition will be taking place. *See* Dkt. Nos. 80, 91. The plaintiffs' failure to disclose Pfeffer as a witness has therefore proven harmless.

Additionally, the exclusion of Pfeffer's testimony would deal a "fatal blow" to the plaintiffs' case. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012). It is therefore relevant that the plaintiffs' failure to disclose Pfeffer as a witness did not involve "willfulness, fault, or bad faith." *Id.* The plaintiffs did not hide the existence or relevance of Pfeffer from the defendants—Pfeffer's role in this case has been evident from at least the filing of the second amended complaint, which alleged that the defendants had notice of the mold from statements made by Pfeffer. Though the mention of Pfeffer in the complaint was not an adequate disclosure under Rule 26, it suggests that the plaintiffs' failure to disclose her as a witness was an error made in good faith.

2. The defendants' request for monetary sanctions is denied for the same reasons. Because the plaintiffs' failure to disclose has proven harmless, monetary sanctions under Rule 37(c)(1)(A) are not warranted.

3. The defendants' additional evidentiary objections are denied without prejudice. The defendants may reraise any objections to evidence in a subsequent dispositive motion, in motions in limine, or at trial.

**IT IS SO ORDERED.**

Dated: October 19, 2021

_____
VINCE CHHABRIA
United States District Judge