UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BARNETT, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BERNARD GARRIGAN, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-02585-VC<br><br>**ORDER GRANTING IN PART MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 100 |

　　　　The defendants' motion for sanctions is granted in part.

　　　　1. Courts may "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The plaintiffs behaved inappropriately during the deposition of witness Pfeffer. Rather than lodging their objections and permitting the defendant to continue, the plaintiffs derailed the proceeding with their own testimony and extensive side comments. On multiple occasions, they encouraged the deponent not to answer questions. As a result, the defendants were not able to fully utilize the time set aside for the deposition. Sanctions are therefore appropriate under Rule 30(d)(2).

　　　　Accordingly, Pfeffer is ordered to appear for a second deposition sometime between February 7, 2022 and February 18, 2022. The plaintiffs are ordered to provide Pfeffer with a copy of this order immediately, and they must file a proof of service on the docket within 7 days of this order. The deposition shall not exceed 3.5 hours. The plaintiffs shall bear the costs of this second deposition, including reasonable attorneys' fees and the costs of the court reporter and videographer. The defendants shall file a request for fees within two weeks of the deposition.

2. During the deposition, Pfeffer is required to answer the defendants' questions, even if she deems her responses private. That said, the defendants may not share any information that Pfeffer designates private in public court filings or with non-parties.

3. The plaintiffs may not speak during the deposition, including to object. The plaintiffs may preserve their objections by filing them with the Court within 28 days of receiving the deposition transcript.

4. Barnett's behavior at the deposition exceeded mere disruption and escalated to ad hominin attacks on the defendants and defendants' counsel. This included calling counsel a liar and making inappropriate comments about the defendant's physical appearance. Additional sanctions specific to Barnett are therefore likely warranted—either pursuant to Rule 30(d)(2) or the Court's inherent authority. Barrett may file an opposition to the imposition of additional sanctions by Tuesday, January 18, at noon. Also by Tuesday, January 18, the defendants may file a brief in support of sanctions if they wish.

Additionally, Barnett is not permitted to attend the second deposition in person. The defendants should provide a way for Barnett to watch via live stream. They are free to (and probably should) put Barnett on mute for the entirety of the deposition. The defense is also free to disconnect him entirely if he figures out some other way to disrupt the proceedings.

5. The plaintiffs are ordered to provide the defendants with the residential address of Pfeffer so that the defendants can serve her with a subpoena and with this order. Failure to provide her residential address could result in additional sanctions, including exclusion of Pfeffer's testimony or dismissal of the case.

**IT IS SO ORDERED.**

Dated: January 14, 2022

 _____
 VINCE CHHABRIA
 United States District Judge